## THE PEOPLE v. JOHN ANDERSON.

*Criminal law—Affidavit for continuance.*

1. Respondent in a criminal case is not to be forced to speedy trial without preparation, to suit the convenience of the prosecuting witness.

2. Circuit Court Rule 55 requires the party applying for a continuance on account of the absence of a witness, to state by affidavit what he expects to prove by him. *Held,* that it is not necessarily error to require such an affidavit in a criminal case, where respondent applies for the continuance, unless he gives some good reason why he should not be compelled to disclose his defense.

Exceptions before judgment from the Recorder's Court of Detroit. (Swift, J.) January 29.—March 6.

INFORMATION for larceny. Conviction affirmed.

*John G. Hawley* for respondent appellant. Continuances are to be granted in criminal cases as in civil, when witnesses are absent: *People v. Vermilyea* 7 Cow. 369 ; *State v. Lewis* 1 Bay 1 ; and on the first application no showing need be

made as to what the witness would swear to; *State v. Morris* 1 Overt. 220; judgment has been reversed for refusing continuance: *State v. Klinger* 43 Mo. 127; *State v. Nash* 7 Iowa 347; *Whitworth v. State* 30 Ga. 10; *People v. Dodge* 28 Cal. 445; *Lindville v. State* 3 Ind. 580; *Whitley v. State* 38 Ga. 50.

Attorney-General *Jacob J. Van Riper* for the People. Granting postponement is discretionary: *People v. Horton* 4 Park. Cr. 222; and if the discretion is not abused it will not be interfered with: *Green v. State* 13 Mo. 382; *State v. Cox* 10 Ia. 351; *Long v. State* 38 Ga. 491; if a continuance is applied for because of the absence of a witness the affidavit therefor should state what he is expected to prove: *Reg. v. Savage* 1 C. & K. 75; *Moody v. People* 20 Ill. 315; and what reason there is for expecting his attendance afterward (*Eubanks v. People* 41 Ill. 486); and that there are no other witnesses on the same matter: *State v. Sater* 8 Ia. 420.

CAMPBELL, J. This case presents two questions — one upon a challenge to the array, based on the supposed illegality of the Wayne county jury commission; and the other upon the refusal of the court to continue the case on the ground of absence of a witness. The charge was larceny from the person.

The crime was alleged to have been committed August 21, 1883. The prisoner was arraigned Sept. 4, 1883, and put on trial on the 7th. The record does not show when he was examined, but it shows he was at once arrested and confined in jail, and that, having no money or counsel, he was unable to make any preparation for his defense; that on the day of his arraignment prisoner's friends retained Mr. Hawley as his counsel. The affidavit for continuance shows that the respondent has fully and fairly stated to his counsel what he expected to prove by John Morgan, and was advised that Morgan was a material and necessary witness, without whose testimony he could not safely proceed to trial, and that he had a good defense on the merits; that Morgan lives in Hamilton, Ontario, and respondent could not procure

his personal attendance at the then present term, but could get his presence or deposition for the next term.

The court refused the continuance, stating two reasons : *first,* that the affidavit did not conform to the rule [Circ. Ct. Rule 55], in not stating what was expected to be proved by the witness ; and *second,* that the complaining witness was a non-resident who had come voluntarily to testify and could only be retained by putting him under recognizance.

It does not strike us that the convenience of a prosecuting witness should govern in crowding a respondent to a speedy trial without preparation. And where, upon the face of the record, it is manifest, as it is here, that defendant has actually had no time for preparation, we cannot but doubt whether some further time should not have been given to obtain testimony. Had respondent made a second affidavit showing distinctly the importance of Morgan's testimony, there is strong reason for holding that the action of the court cut him off from a constitutional right. There are several authorities, however, which hold that the respondent may be called on to show what he expects to prove, and without deciding whether this can always be required, we are not prepared to say that it is error to require it unless respondent gives some adequate reason why he should not be compelled to disclose his defense. On the whole we are not prepared to say this was a fatal error.

The other point is governed by the opinions in other cases filed at this term. See *People v. Harding* ante, p. 48.

The conviction was proper and must be sustained.

The other Justices concurred.