## The People v. Lorenzo D. Foote.

*Criminal law—Information—Variance—Evidence—Private attor-*
*ney assisting prosecutor—Discretion of trial court.*

1. Respondent waived an examination, and was held for trial, on
   a charge of uttering a forged note, a copy of which, as set
   forth in the complaint and warrant, bore date November 18,
   1889. The signature to the note, as shown by the complaint,
   was "L. D. Foote," and by the warrant, "L. D. Foote & Co."
   The offense was charged in the complaint to have been com-
   mitted November 18, 1889, and in the warrant November 18,
   1890, and the complaint was sworn to May 23, 1890. The
   information followed the complaint as to the date of and sig-
   nature to the note, and the time of the commission of the
   offense. Respondent moved to quash the information for the
   discrepancies between it and the warrant, the denial of which
   motion is sustained, on the ground that the discrepancies
   could not have operated to the prejudice of the respondent.

2. Where, on objection being made to a private attorney assisting
   in the prosecution of a criminal case, an investigation is made
   by the court, from which it appears that the attorney is not
   employed by any private party, and has no interest in the
   matter, but is associated in business with the prosecuting attor-
   ney, and attended the preliminary examination, it is discre-
   tionary with the court to permit his employment.

3. It is competent for the people to show on the cross-examina-
   tion of the respondent that he has been arrested for another
   crime than the one for which he is being tried.

4. It is within the discretion of the court to refuse to delay the
   trial for the purpose of enabling a respondent to procure wit-
   nesses.

Error to Allegan. (Palmer, J., presiding.) Submitted on
briefs June 29, 1892. Decided July 28, 1892.

Respondent was convicted of uttering a forged note, and
sentenced to imprisonment in the State House of Correc-
tion at Ionia for two years and six months. Conviction
affirmed. The facts are stated in the opinion.

*B. Schoonmaker,* for respondent.

*A. A. Ellis,* Attorney General, for the people.

GRANT, J. The respondent was convicted of having uttered a false, forged promissory note. He waived examination before the justice. The objections raised to the information and conviction are these:

1. The information does not follow the warrant, in that the warrant charges the offense to have been committed November 18, 1890, while the information charges it as November 18, 1889; also that the note is described in the warrant as signed by "L. D. Foote & Co.," while in the information it is described as signed by "L. D. Foote."

2. The court erroneously permitted one Newnham, an attorney, to assist the prosecution upon the trial.

3. The court erroneously permitted the people to show upon the cross-examination of the respondent that he had been arrested for another crime.

4. The court erred in not delaying the trial to permit respondent to secure the attendance of two witnesses.

I think none of the objections are tenable. The complaint, which, of course, forms the basis for the warrant, alleged the offense to have been committed November 18, 1889, and gave a copy of the note, which bore the same date, and was signed, "L. D. Foote." The warrant gave the date as November 18, 1890, and also gave a copy of the note, bearing the same date as in the complaint, with the signature thereto, "L. D. Foote & Co." The complaint was sworn to May 23, 1890. The date November 18, 1890, was therefore an impossible one, and a clerical error. The same discrepancies that now appear in the warrant and information appeared also in the complaint and warrant, to which respondent made no objection. The objection is purely technical, and the discrepancies could not have operated to his prejudice.

When objection was made to Mr. Newnham's taking part in the trial, the court investigated the matter, and it

appeared that he was not employed by any private party, that he had no interest in the matter, that he was associated in business with the prosecuting officer, and had attended the prosecution on behalf of the people in the justice's court. It was therefore discretionary with the court to permit his employment. *Ulrich v. People,* 39 Mich. 245; *Sneed v. People,* 38 Id. 248; *People v. Bemis,* 51 Id. 422.

The third objection is ruled by the following cases: *Wilbur v. Flood,* 16 Mich. 40; *Clemens v. Conrad,* 19 Id. 170. In the latter case the question, "Were you indicted in 1865 in Sandusky for smuggling?" was held competent. Foote was a witness in his own behalf, and the inquiry was competent, as bearing upon the credibility of the witness. The reason for such inquiry is very clearly stated in *Wilbur v. Flood.*

It was entirely within the discretion of the court to refuse a delay for the purpose of procuring witnesses, and we see no abuse of that discretion. When the request was made, the circuit judge and counsel for the people and the respondent retired to an adjoining room to see if they could arrange some disposition of the matter. What took place there does not appear upon this record. We have not, therefore, all the facts before us. The judge was possessed of all the facts, and was in a far better position than are we to judge of the propriety of a delay.

Conviction is affirmed.

The other Justices concurred.