McNAUGHTON v. EVERT.

116  141
f151 ¹127

1. Continuance—Discretion of Court.
   The matter of the continuance of causes is one resting in the sound discretion of the court, which is not reviewable except where there is the clearest evidence of willful or wanton disregard of justice or a mistake of law.

2. Same—Review on Certiorari.
   *Certiorari* will not lie, as a matter of right, to review the action of a circuit court commissioner in denying an application for a continuance in summary proceedings, since complete justice may be obtained by an appeal and a trial on the merits.

3. Same—Absent Witness—Materiality of Testimony.
   The fact that an application for a continuance is supported by an affidavit setting forth the serious illness of a witness whose testimony is alleged to be material does not render its denial an abuse of discretion, where two continuances have already been granted the affiant, and no showing is made by him, aside from his statement, that the testimony of the absent witness is material, and the circumstances surrounding the case are such as to cast doubt upon the good faith of the application.

Error to Muskegon; Russell, J. Submitted January 4, 1898. Decided March 15, 1898.

Summary proceedings by Edward J. McNaughton against John Evert, before a circuit court commissioner, to recover the possession of land. There was a judgment for complainant, and defendant removed the cause by *certiorari* to the circuit court, where the judgment was affirmed. Defendant brings error. Affirmed.

*Turner & Turner*, for appellant.

*Stephen H. Clink*, for appellee.

HOOKER, J. Summary proceedings to recover possession of land were brought against the defendant before a circuit court commissioner. The return day was upon April 20th. On that day a motion to adjourn was made by the defendant, and the cause was adjourned until April 24th. At this time, counsel for the defendant assured the counsel for the complainant that his witness would not be able to be present on April 24th, as he could not possibly recover his health sufficiently. On April 24th the motion was renewed, and affidavits of the defendant, who was the son, and Caroline Evert, who was the wife, of the alleged sick witness, were read, stating that he was so sick that neither could leave his bedside, except as defendant might find it necessary to go for the doctor, who lived in Muskegon, although the affiant was in Muskegon on urgent business that morning. A counter affidavit was filed showing that both defendant and Caroline Evert were in Muskegon that morning. The commissioner adjourned the case for one week, against the protest of defendant's counsel, who said that he should have to ask for another adjournment, as his witness would not be well enough to be present. Counsel for the complainant replied that he would take the risk of that. On May 1st the motion was renewed, supported by affidavits of the defendant and the attending physician, both saying that Peter Evert, the witness, was better, but, in their opinion, not physically able to appear or have his deposition taken, but they thought he might have a deposition taken in a short time. The commissioner denied the motion, and the defendant's counsel abandoned the case, whereupon a trial was had, and a judgment against the defendant was rendered. The case was removed by *certiorari* to the circuit court upon the single question of the propriety of the denial of the adjournment, where the judgment was affirmed. It is now here on writ of error.

Although three motions to adjourn were made, there is nothing to show what might be proved by the witness, and the only evidence that what he might tes-

tify to is material is the statement of the defendant himself, under advice of counsel. In other courts it is usual to require an application for a second continuance to set up these facts. Indeed, up to this time there is nothing in the record to show the nature of the defense, if there be any; and, when the motion was denied, the defendant seems to have preferred to risk his entire interest upon the question of the adjournment than to go to trial with what evidence he had. Again, with the right to appeal and try the merits, he preferred to turn the complainant out of court. The adjournment of causes is always a matter of discretion. It is not usual to permit a counter showing; yet applications are frequently denied, and it is understood that the discretion is not reviewable, except where there is the clearest evidence of willful or wanton disregard of justice or a mistake of law. In my opinion, we have neither in this case, and apparently such was the view of the circuit judge.

There is another reason why this writ should be denied. It is a discretionary writ, and equitable in its nature. It will never be allowed to aid a wrong, or a technical practice, which justice does not demand, when there is a way open to try the merits. It would have been quite as easy, fully as cheap, and justice would have been done much more expeditiously, had an appeal been taken. By delaying this proceeding, the complainant would be prevented from putting in the spring crop, and the commissioner may well have taken that into consideration with other surrounding circumstances, which are not before us, in determining the good faith of the application and the truthfulness of the showing. At all events, we cannot presume that he did not.

I am of the opinion that the writ was improvidently issued, and the learned circuit judge was quite right in refusing relief under it. The complainant is entitled to costs of both courts.

The other Justices concurred.