PEOPLE v. HOFFMAN.

1. CRIMINAL LAW— TRIAL —WITNESSES — INDORSEMENT OF NAMES —ASSAULT.

A motion, made during the progress of the trial of a prosecution for assault with intent to do great bodily harm, to require the prosecuting attorney to indorse upon the information the name of a witness not shown to be an eyewitness, and whom the prosecuting attorney stated he knew nothing about, or where he was, was properly denied.

2. WITNESSES—ACCUSED AS WITNESS — CROSS-EXAMINATION — EXTENT.

Where the respondent in a criminal case offers himself as a witness, and there is a sharp conflict between his testimony and that of the people's witnesses, a considerable latitude may be allowed as to his cross-examination without abuse of discretion.

154 MICH.—10.

3. SAME—CREDIBILITY—ACCUSED AS WITNESS—OTHER OFFENSES.
   Where, on a prosecution for an assault, accused offered himself
   as a witness and denied making any assault, it was proper to
   show on his cross-examination that he had previously been
   convicted of an assault, as bearing upon his credibility.
   Sections 10210, 10211, 3 Comp. Laws.

4. CRIMINAL LAW—INSTRUCTIONS—HARMLESS ERROR—EFFECT OF
   EVIDENCE.
   An instruction that evidence of the previous commission of a
   similar crime by accused may be considered by the jury upon
   the question of his intent in making the assault charged is
   harmless where the jury acquitted respondent of the intent
   to do great bodily harm charged in the information and
   found him guilty of simple assault.

5. INDICTMENT AND INFORMATION—INCLUDED OFFENSES—ASSAULT
   —CONVICTION—PROPRIETY.
   On a prosecution for an assault with a pistol with intent to do
   great bodily harm, the theory of the defense being that re-
   spondent did not use a pistol at all, a conviction of a simple
   assault is not necessarily without supporting testimony,
   since the jury are not obliged to credit the entire testimony
   of either party, but may credit a part of each.

Exceptions before judgment from St. Clair; Tappan, J.
Submitted June 12, 1908. ( Docket No. 118.) Decided
September 10, 1908.

Frederick L. Hoffman was convicted of simple assault.
Affirmed.

*Samuel D. Pepper* and *W. L. Jenks* (*Phillips &
Jenks,* of counsel), for appellant.

*Alex. Moore,* Prosecuting Attorney, for the people.

MOORE, J.   The respondent was informed against for
an assault with intent to do great bodily harm less than
the crime of murder upon George Barton.   He was found
guilty of simple assault.   The case is here upon bill of ex-
ceptions before sentence.

It is the claim of the people that the respondent com-
mitted the assault charged by means of firing a loaded re-

volver at or towards the complaining witness, attempting and intending to shoot Mr. Barton, and do him serious bodily injury. The respondent claimed he did not fire a revolver at Barton, or at anyone else, and that he did not use any firearms upon the night in question.

A great many assignments of error grow out of the ruling of the court in sustaining objections made by the prosecuting attorney upon the cross-examination of witnesses offered by the people. The judge allowed these witnesses to be examined at great length. We have examined each of the questions referred to above, and do not think error was committed in the ruling made..

Error is assigned upon the refusal of the court in not requiring the prosecution to indorse the name of William Griffin upon the information. The motion was made during the progress of the trial. The prosecuting attorney stated he knew nothing about William Griffin or where he was. There was no showing made that Mr. Griffin was an eyewitness of the transaction. The ruling of the court was not error.

A great many of the assignments of error relate to the rulings of the court on the cross-examination of the respondent. Mr. Hoffman offered himself as a witness. He denied that he fired upon Mr. Barton, or upon any other person. There was a sharp conflict between the testimony of Mr. Hoffman and that coming from the witnesses for the people. The judge allowed this cross-examination to proceed at very considerable length, but we cannot say there was such an abuse of discretion as to make reversible error.

Especial stress is laid upon the fact that the prosecuting attorney was allowed to show that respondent had been convicted of an assault. It is urged that the prosecuting attorney cannot show other similar but unconnected acts to prove commission of the crime charged; citing 1 Wigmore on Evidence, §§ 192, 193, and other authorities. As to this feature of the case, the judge charged the jury as follows:

"Evidence has been admitted as to the conviction of the defendant of prior offenses. You are not to consider this as evidence that Hoffman fired the shot in question in this case. The purpose of this evidence is to aid you in determining what Hoffman's intent was, if you find, as a matter of fact, he actually fired the shot in question. This evidence can be used by you for no other purpose than to aid you in determining what his intent was if you conclude he actually fired the shot as claimed by the prosecution."

It is evident that the jury could not have understood that, because Mr. Hoffman had been convicted of other offenses, they might infer therefrom that he was guilty of the offense charged. This testimony was clearly admissible as bearing upon the question of the credibility of Mr. Hoffman. See sections 10210, 10211, 3 Comp. Laws. See, also, *People* v. *Foote*, 93 Mich. 38, and the cases there cited. If it be conceded that the trial judge erred in charging the jury that the testimony might be used as bearing upon the question of intent, it is evident it was harmless error, as the jury acquitted the respondent of the intent to do bodily harm. The judge also charged the jury as follows:

"In conclusion, gentlemen, you are instructed that under this information you are at liberty to return any one of three verdicts: *First.* If you find beyond a reasonable doubt that the defendant made the assault in question upon Barton with intent to shoot and injure him and do him serious bodily harm, as I have explained, then your verdict should be guilty as charged. *Second.* If you should find beyond a reasonable doubt that the defendant did not intend to shoot Barton and do him serious bodily harm, but that he did make a wanton and reckless use of a loaded revolver, shooting at and in his direction and endangering his life, as I have explained, but without intent to actually wound him, as I have explained, then your verdict should be guilty of simple assault. *Third.* If you determine from the evidence that it is not shown beyond a reasonable doubt that the defendant is guilty of either of these acts, then your verdict should be not guilty."

It is insisted respondent should have been convicted of

the offense charged in the information, or that he should have been acquitted wholly. The argument of counsel is that, if the people's witnesses are to be believed, Mr. Hoffman must have shot at Mr. Barton with an intent to either kill or wound him; while,

" On the other hand, the theory of the defense was that Hoffman did not use a revolver at all, and therefore, if no revolver was used by him, he could not be guilty of any offense whatever. It is therefore plain that either one set of witnesses or the other would be believed by the jury. There was no room for a compromise on this point. When such is the case, the rule of law is that the defendant must either be found guilty as charged of the whole offense or acquitted, unless there is testimony to support a conviction of the lesser offense."

The trouble with the argument is that it assumes that the jury must believe all the testimony given by the witnesses for the people, and discredit all the testimony offered by the respondent, or vice versa; while as a matter of fact they may have believed part of the testimony offered on each side, and discredited part. This was peculiarly within their province. The lesser offense of which respondent was convicted was included in the greater offense charged in the information, and there was testimony to support the conviction.

The conviction is affirmed, and the case is remanded, with directions to the circuit judge to proceed with the sentence.

GRANT, C. J., and CARPENTER and McALVAY, JJ., concurred. BLAIR, J., concurred in the result.