PEOPLE *v.* EAMAUS.

1. CRIMINAL LAW—CONTINUANCE—ABSENT WITNESS—AFFIDAVITS—ABUSE OF DISCRETION.

The denial of a continuance in a criminal case cannot be said to have been an abuse of discretion on the part of the trial judge, where the affidavit gave no intimation as to what testimony the witness, whose presence was desired, would give bearing upon the issue to be tried. BIRD, C. J., and KUHN, J., dissenting

2. APPEAL AND ERROR—RECORD—CONTENTS—ASSUMPTION BY COURT.

Where the record in a criminal case does not contain a report of the argument of counsel for defendant, the Supreme Court will assume that the argument was made exactly as indicated in the charge of the court.

3. CRIMINAL LAW—ARGUMENT OF COUNSEL—INSTRUCTIONS.

Argument in a criminal case by defendant's counsel asking the jury how they would like their son convicted under the testimony in the case, *held*, improper.

On the propriety of arguments to juries citing statements in affidavits for continuance, see note in L. R. A. 1918D, 57.

Exceptions before judgment from Kalamazoo; Weimer, J. Submitted June 12, 1919. (Docket No. 98.) Decided October 6, 1919.

Stuart Eamaus was convicted of keeping a house of ill-fame. Affirmed.

*W. J. Barnard*, for appellant.

*Frank F. Ford*, Special Assistant Prosecuting Attorney, for the people.

BROOKE, J. Respondent was convicted of keeping and maintaining a house of ill-fame in the city of Kalamazoo. Though impleaded with another, his wife, he demanded and received a separate trial. He now reviews his conviction under exceptions before sentence. His counsel relies for reversal upon the following points:

(1) Error in denying motion for continuance.
(2) Errors in the admission and rejection of testimony.
(3) Error in the charge of the court.

1. It appears from the record that respondent was arraigned, waived examination, and the return was filed on June 4, 1918. On June 6 the information was filed. On the same day a motion for a continuance was made supported by the affidavit of respondent in which it is stated that one Hatte Mook is a material witness for respondent and that said respondent after a full statement of his case to his counsel is advised and believes that he cannot safely proceed to trial without the testimony of said Hatte Mook. The affidavit further discloses that said Hatte Mook lives near Lyons, Michigan, and is ill. Accompanying the application was a physician's certificate in the following terms:

"LYONS, MICH., 6/6/1918.

"To Whom It May Concern:

"This is to certify that, in my opinion, owing to certain conditions of her heart, that it would be very imprudent for Mrs. Hatte Mook to undergo any examination in court of a legal nature as the least excitement would be liable to prove fatal to the said lady.

"WM. R. GRANT, M. D.,

"Lyons, Michigan."

Respondent was placed on trial on the 17th day of June, 1918, at which time his counsel excepted to the refusal of the court to grant the application for a continuance to the September, 1918, term. Error assigned upon said ruling raises the first question for consideration. It is to be noted that the affidavit for continuance gives no intimation to the court as to what testimony Hatte Mook could give bearing upon the issue to be tried. In the case of *People* v. *Anderson,* 53 Mich. 60, it is stated:

"The affidavit for continuance shows that the respondent has fully and fairly stated to his counsel what he expected to prove by John Morgan, and was advised that Morgan was a material and necessary witness, without whose testimony he could not safely proceed to trial."

The court refused the continuance for two reasons:

"First, that the affidavit did not conform to the rule (Circuit Court Rule 55), in not stating what was expected to be proved by the witness."

On review in this court it was said:

"On the whole we are not prepared to say this was a fatal error."

In the case of *People* v. *Foote,* 93 Mich. 38, the fourth assignment of error was that the court erred in not delaying the trial to enable respondent to secure the attendance of two witnesses. In passing upon this assignment the court said:

"It was entirely within the discretion of the court to refuse a delay for the purpose of procuring witnesses, and we see no abuse of that discretion. When the request was made, the circuit judge and counsel for the people and the respondent retired to an adjoining room to see if they could arrange some disposition of the matter. What took place there does not appear upon this record. We have not, therefore, all the facts before us. The judge was possessed of all the facts, and was in a far better position than are we to judge of the propriety of a delay."

The same question was considered in the case of *People* v. *Burwell*, 106 Mich. 27, where it is said:

"The application for a continuance was within the discretion of the circuit judge. The application did not state what respondent proposed to prove by the witnesses whose presence he desired. Several of them were produced and testified."

The affidavit for continuance in the case at bar is subject to the same infirmity pointed out and criticized in the foregoing authorities. The matter being one primarily for the exercise of a sound discretion by the court and no abuse thereof having been made to appear, we are of opinion that the assignment of error based upon the action of the court is without merit.

2. We have carefully examined the assignments of error based upon the admission or exclusion of testimony and find no reversible error therein.

3. Error is assigned upon the following excerpt from the judge's charge:

"Considerable time was spent yesterday by counsel for the defense in addressing the jury in an appeal which, for the want of a better term, is commonly termed an appeal to sympathy, an appeal for sympathy, and you were asked repeatedly by counsel for respondent in the course of his remarks how you would like to have your son convicted under the testimony in this case. That is not the question at all.

You are not called upon to consider it. It would be entirely improper for you to consider how you would like to have your son convicted under the testimony in this case. It is entirely safe to assume that there is not one of you who would like to have your son convicted under the testimony in this case. It is not likely that any of you who are fathers would like to have your son convicted. You are not here for that purpose. It would be entirely improper for you, as jurors, to analyze and consider the evidence in this case in the light of such a proposition, in the light of any such an attitude or with any such frame of mind. You are here to consider the evidence that has been presented, whether or not under the evidence it appears beyond all reasonable doubt this man participated in the keeping of a bawdy house, a house of prostitution, a house of ill-repute. You should dispel as far from your minds as you can as to what you would like to happen to your sons, those of you who have sons, under like circumstances. That appeal can no more properly be made by counsel for the respondent than it can be by the prosecuting attorney. The respondent would have no right to ask you what you would like to happen to your sons in connection with any feature in this case. It would be error for the prosecutor to make such an argument, and the court would have to reprove and reprimand him if he undertook to do it. So what is improper for him is improper for the defense."

The balance of the charge is not printed in the record. Counsel's criticism of the excerpt quoted is that the same is argumentative and improper. He asserts that no objection was made to any part of his argument to the jury either by counsel for the people or by the court. He claims:

"If counsel made an improper argument it was the duty of the court to stop counsel so that the stenographer might take down the language used and give counsel the benefit of any exception he might wish to take and to inform and apprise this court of the kind of argument that was being indulged in."

He further claims as a matter of fact that no such argument as that criticized by the court was made by him. The record does not contain a report of the argument of counsel and only that portion of the judge's charge complained of. Under the circumstances we must assume that the argument was made exactly as indicated by the charge. If made, no argument is needed to emphasize its impropriety.

We find no error and the conviction is affirmed.

MOORE, STEERE, FELLOWS, and STONE, JJ., concurred with BROOKE, J.

BIRD, C. J. (*dissenting*). I do not agree with Mr. Justice BROOKE that the trial court did not abuse his discretion in denying the motion for continuance because the affidavit contained no statement of what respondent expected to show by the absent witness. It has been the understanding of the profession in this State that upon the first application for a continuance, on account of an absent witness, it was not necessary for the applicant to disclose what facts he intended to show by the witness. It is, however, necessary to make that showing upon a second application.

Circuit Court Rule No. 41 provides that:

"No motion for the continuance of a cause made after the first day in term shall be heard, unless a sufficient excuse is shown for the delay, and *on a second application* by a party for the continuance of a cause, the party so applying shall state, in addition to the usual requisites, the facts which he expects to prove by the absent witness, and shall also state with particularity the diligence he has used to procure his attendance." * * *

Green's Michigan Practice, in laying down the rule as to the requisites of an affidavit for continuance, has this to say:

"The motion must be supported by affidavit. Where the absence of a witness is relied on it must show

satisfactorily to the court: 1. That the witness or testimony is really material; 2. That the party applying has used reasonable diligence; and, 3. That the witness or testimony can be had at the time to which the trial is to be postponed. *On a second application for continuance* it must state, in addition to the usual requisites, the facts which the party expects to prove by the absent witness, and with particularity the diligence he has used to procure his attendance. 1 Green's Michigan Practice, § 762."

Tiffany's Justice Guide, § 291, in stating the rule, says:

"The party is not bound to state what he expects to prove by the absent witness, unless the conduct of the party is such as fairly to cast a well-grounded suspicion upon the good faith of the application to adjourn. In such case if he refuse to disclose what he expects to prove, the adjournment may be refused."

In the case of *McNaughton* v. *Evert*, 116 Mich. 141, which was certiorari to a circuit court commissioner, Mr. Justice HOOKER, in considering a like question, said:

"Although three motions to adjourn were made, there is nothing to show what might be proved by the witness, and the only evidence that what he might testify to is material is the statement of the defendant himself, under advice of counsel. *In other courts it is usual to require an application for a second continuance to set up these facts.*"

In support of the trial court's conclusion the following cases are cited: *People* v. *Anderson,* 53 Mich. 60; *People* v. *Foote,* 93 Mich. 38; *People* v. *Burwell,* 106 Mich. 27. The most that can be claimed for the *Anderson Case* is this: If upon a first application the trial court insists upon being advised what facts are expected to be shown by the absent witness, and the applicant refuses to disclose them, the application may be denied. In the *Anderson Case* the application was denied by the trial court upon the grounds:

(1) That the affidavit did not conform to the rule [Cir. Ct. Rule 55], in not stating what was expected to be proved by the witness; and (2) that the complaining witness was a non-resident who had come voluntarily to testify and could only be retained by putting him under recognizance.

The court in passing upon the question said:

"It does not strike us that the convenience of a prosecuting witness should govern in crowding a respondent to a speedy trial without preparation. And where, upon the face of the record, it is manifest, as it is here, that defendant has actually had no time for preparation, we cannot but doubt whether some further time should not have been given to obtain testimony. Had respondent made a second affidavit showing distinctly the importance of Morgan's testimony, there is strong reason for holding that the action of the court cut him off from a constitutional right. There are several authorities, however, which hold that the respondent may be called on to show what he expects to prove, and without deciding whether this can always be required, we are not prepared to say that it is error to require it unless respondent gives some adequate reason why he should not be compelled to disclose his defense. On the whole we are not prepared to say this was a fatal error."

It is quite evident that the trial court in the *Anderson Case* misconceived the contents of Circuit Court Rule No. 55, as the provisions of that rule were the same as those now contained in Rule No. 41.

The *Foote Case* does not appear to be in point. The *Burwell Case* followed the *Anderson Case,* assuming it was necessary under the rule for applicant to disclose what facts he expected to show by the absent witness. In his foot notes to Rule No. 41, Judge Searl, after referring to the *Anderson* and *Burwell Cases,* makes the following comment:

"But Circuit Court Rule No. 55 in force when the *Anderson Case* was decided, required, as does the

present rule, the party asking for second continuance only, to show the facts which he expects to prove; and it would seem plain that the *Anderson Case* was wrongly decided. See *People* v. *Evans*, 72 Mich. 367." Searl's Michigan Court Rules, p. 194.

It does not appear in the instant case that the trial court requested the applicant to disclose what facts he expected to show by the absent witness. If no such request were made and the denial was not placed upon applicant's refusal to state them, even the *Anderson Case* would not support his denial.

The defendant was informed against on June 6th and pressed to trial on June 17th. The application for continuance was regular in form and sufficient in substance, and I think it should have been granted. Eleven days is rather a brief time in which to prepare to defend oneself against a serious charge. The urgency appears to have been that the prosecuting attorney desired to use certain soldiers as witnesses, who were to leave soon for France. Under these circumstances it was proper to reasonably expedite the trial, but this urgency should not go so far as to amount to a denial of justice to the defendant. Mr. Justice CAMPBELL in commenting on a similar case said:

"It does not strike us that the convenience of a prosecuting witness should govern in crowding a respondent to a speedy trial without preparation." *People* v. *Anderson, supra.*

I am of the opinion that there was an abuse of discretion in denying the application. I am also of the opinion that in so far as the cases cited are in collision with Rule No. 41 and the recognized circuit court practice, they should be overruled.

The judgment should be reversed and a new trial ordered.

KUHN, J., concurred with BIRD, C. J.

The late Justice OSTRANDER took no part in this decision.