PEOPLE *v.* BURBY.

Criminal Law — Continuance — Absent Witnesses — Abuse of Discretion—Review.

    The granting or refusing of applications for continuance being within the discretion of the trial court, refusal to grant a continuance for absent witnesses, in a prosecution for violating the liquor law, will not be reviewed by the Supreme Court in the absence of a showing of abuse of discretion.

Exceptions before judgment from Dickinson; Flannigan (Richard C.), J.   Submitted January 17, 1922. (Docket No. 178.)   Decided March 30, 1922.

Claude Burby was convicted of violating the liquor law.   Affirmed.

*C. D. Dwyer*, for appellant.

*J. C. Knight*, Prosecuting Attorney, for the people.

Moore, J.    At the April, 1921, term of the circuit court for Dickinson county, the defendant was arraigned upon an information charging him with having on or about the 7th day of January, 1921, and upon divers days and times between that date and the 24th day of January, 1921, * * * kept a certain place where intoxicating liquors were sold, etc.   On the first day of the April term of said court defendant moved for a continuance of said cause until the next regular term thereof on account of the absence of witnesses he claimed were material.   In overruling the motion the judge expressed himself as follows:

"The affidavit does not show due diligence on the part of the defendant to obtain the presence of the witnesses on the trial or their deposition.   It is conceded by counsel that at the time the defendant was

bound over to this court for trial the persons now sought as witnesses were in the county jail. The defendant knew at that time as well as he knows now that the testimony of these witnesses would be material in his defense; he also knew as the affidavit for continuance shows, that they were 'lumberjacks' and had no permanent place of residence, and he must have known that if he allowed them to leave Iron Mountain there would be difficulty in finding them. For some days at least, according to the concession of counsel, the witnesses were here and were known by the defendant to be here and to be subject to subpœna, and notwithstanding his further knowledge that they were roving characters and if allowed to leave without being subpœnaed their presence at the trial, at this or any further terms, was extremely doubtful if he did not cause them to be subpœnaed. Furthermore, he did not at any time since the witnesses left Iron Mountain take out and place in the hands of the sheriff a subpœna for these witnesses. Instead, he trusted to his own ability alone to find the witnesses. Where he failed the sheriff's office might have been successful. The motion is denied, not only because of want of diligence on the part of the defendant to procure the attendance of the witnesses, but also because the court is satisfied from all the surroundings that the application for a continuance is made for the purpose of delay only."

The case was tried and defendant was convicted. The case is here on exceptions before sentence.

In his original brief counsel confines his argument to the question of whether the court abused its discretion in refusing the continuance. We quote from the brief:

"The discretion of the court must operate along reasonable and fair lines, or we submit that discretion has been abused and should be reviewed. Respondent in this case having been called to the bar to answer a charge, which on conviction, carried with it a prison sentence, upon a showing that two important witnesses to the transaction about which he was being tried could not be produced at that term, and the unquestioned diligence the affidavit shows he pursued to get them into court was entitled, it appears

to us, to a fair judgment and a reasonable discretion on the part of the trial court. and a continuance of said cause."

This court has repeatedly held that the granting or refusing applications for continuances is within the discretion of the trial court, and unless it is shown that his discretion was abused, this court will not review his action. Some of the cases are *People* v. *Foote*, 93 Mich. 38; *People* v. *Burwell*, 106 Mich. 27; *McNaughton* v. *Evart*, 116 Mich. 141; *People* v. *Boyd*, 151 Mich. 577; *Roney* v. *Healy*, 170 Mich. 46; *People* v. *Eamaus*, 207 Mich. 442; *People* v. *Eamaus*, 207 Mich. at p. 455.

There is no statement in the affidavit of what defendant expected he could prove by the witnesses.

In a supplemental brief counsel says the defendant had a right to assume that the names of the two witnesses, whose absence was the basis of his motion, would be indorsed on the information and that they would be called as *res gestæ* witnesses. This claim was not made in the original brief, and there is nothing to indicate that a motion upon that subject was made in the court below. What occurred upon the trial of the case does not appear in the bill of exceptions. The names of these men do not appear in the information. We find no reversible error upon the record as presented here.

The verdict is affirmed, and the case is remanded for further proceedings.

Fellows, C. J., and Wiest, Clark, Bird, Sharpe, and Steere, JJ., concurred.

The late Justice Stone took no part in this decision.