PEOPLE *v.* BEELBY.

1. CRIMINAL LAW—STATUTORY RAPE—EVIDENCE AT PRELIMINARY EXAMINATION SUFFICIENT.
   At the preliminary examination of defendant charged with statutory rape, testimony of prosecutrix as to what occurred, *held,* sufficient to justify belief of the justice that defendant had committed the offense.

---

[1]Criminal Law, 16 C. J. § 598.

2. SAME—PROOF OF PENETRATION AT EXAMINATION NOT AS STRICT
AS ON TRIAL.

It is not necessary, upon the preliminary examination of
one charged with statutory rape, to make as strict proof
of penetration as it is upon the trial.

3. SAME—CONTINUANCE PROPERLY DENIED.

In a prosecution for statutory rape, denial of a motion for
continuance for the purpose of giving time for medical ex-
perts to determine whether defendant was impotent and
physically unable to commit rape was not an abuse of
discretion, where no affidavit of defendant or of a medical
man was offered as to his physical condition.

4. SAME — ARGUMENT OF PROSECUTOR — CALLING ATTENTION TO
FACTS IN EVIDENCE NOT ERROR.

In a prosecution for statutory rape, where the evidence
showed that defendant moved away shortly after the
offense was committed, the prosecuting attorney was not
in error in calling the attention of the jury to said fact
in his argument, and in stating that all those things ought
to be considered as bearing on the crime committed.

5. SAME—FLIGHT FROM SCENE OF CRIME—HARMLESS ERROR.

Error, if any, of the prosecuting attorney, in intimating
to the jury, in his argument, that defendant moved away
to avoid the consequences of his crime, was cured by an
instruction of the court that that matter could not be con-
sidered as evidence of guilt because the law presumes
flight from the scene of crime quite as consistent with
innocence as with guilt.

Error to Oakland; Gillespie (Glenn C.), J.      Sub-
mitted April 15, 1927.      (Docket No. 147.)      Decided
June 6, 1927.

Robert M. Beelby was convicted of statutory rape,
and sentenced to imprisonment for not less than 5
nor more than 15 years in the State prison at Jackson.
Affirmed.

[2]Criminal Law, 16 C. J. § 598; [3]Id., 16 C. J. § 821; [4]Id., 16
C. J. §§ 2240, 2255; [6]Id., 16 C. J. §§ 1063, 2271; 17 C. J. § 3638.

*A. Floyd Blakeslee* and *Clement E. Miner,* for appellant.

*William W. Potter,* Attorney General, and *Clyde D. Underwood,* Prosecuting Attorney, for the people.

BIRD, J.    Defendant was convicted of statutory rape in the Oakland circuit court.    After he had been given a preliminary hearing he filed a motion to quash the proceeding on the ground that the testimony taken at the hearing did not make out a *prima facie* case of statutory rape against the defendant.    The people showed that Mabel Kuenne, a 14-year old school girl, living with her parents at Holly, went riding with defendant on his invitation in his automobile on October 30, 1925; that he drove to a secluded place on a by-road and had intercourse with the girl in the automobile.

1. At the preliminary hearing, in answer to a question by the prosecuting attorney, Mabel said, "I just had intercourse with him."    In an effort to make a further showing as to penetration, he asked:    "Did he have a full and complete act of intercourse with you?    Did his person enter yours?    Do you know whether his private parts penetrated yours?    Did his penis enter your private organs of your body?"    And many more questions of a similar nature.    To all of them Mabel replied that she did not know, and, on one occasion, she answered, "I don't know what you mean by that."    The girl stated that she knew what intercourse was, and that she had intercourse with defendant in the automobile on the day in question, and that she had had intercourse with several boys.    The difficulty the witness appeared to have was in understanding the technical terms used in the questions. If it can be said that the testimony on this question was too meagre, other testimony which she gave describing what she did and what defendant did to

her in the automobile was sufficient to satisfy the justice that there was probable cause to believe that defendant committed the offense.    It also appeared on the examination that defendant had had intercourse with her on previous occasions, and that she was pregnant by defendant, although not as a result of the particular act charged.    It was not necessary, upon the preliminary examination, to make as strict proof of penetration as it would be upon a trial.    We think the motion was properly overruled.

2. Defendant was arraigned in the circuit court on March 1, 1926.    At that time a motion was made by defendant for a continuance for the purpose of giving time for medical experts to determine whether defendant was impotent and physically unable to commit the crime of rape.    The motion was denied and the case was set down for trial on March 5th.    In view of the fact that no affidavit of defendant bearing upon his physical condition was offered, and no affidavit of a medical man was presented bearing on his physical condition, we think the court did not abuse his discretion.    *People* v. *Jackzo*, 206 Mich. 183; *People* v. *Eamaus*, 207 Mich. 442.

3. Further complaint is made because the prosecuting attorney, in his address to the jury, rather intimated that defendant moved away from Holly and went to Chicago shortly after the offense was committed to avoid the consequences.    So far as we are able to learn from the record the prosecuting attorney called the attention of the jury to facts which were in evidence, and said:

"Now, gentlemen of the jury, all those things ought to be considered by you as bearing upon the crime committed here.    That is important."

The court said in his charge to the jury:

"It is claimed on the part of the prosecution that inasmuch as the defendant left Holly and went to Chicago

following the alleged offense that that was evidence of his guilt.    I therefore charge you that that matter cannot be considered by you as an evidence of guilt because the law presumes the flight from the scene of a crime may be quite as consistent with innocence as with guilt."

We are unable to see any error in calling matters of evidence to the attention of the jury and asking them to consider them in connection with the offense charged.    If there were any error in what the prosecutor said it was cured by the instruction of the court.

The judgment of conviction is affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.