UNION GUARDIAN TRUST CO. v. KOWALSKY.

1. CONTINUANCES—PRESUMPTION OF REGULARITY.
   Adjournments and continuances of summary proceedings are presumed to be regular and in compliance with statute in the absence of a contrary showing (3 Comp. Laws 1929, § 14982).

2. SAME—DISCRETION OF COURT.
   The continuance of causes rests in the sound discretion of the court and is not reviewable in the absence of an abuse of discretion.

3. MORTGAGES—NOTICE OF FORECLOSURE—CHANGE OF NAME OF CORPORATE MORTGAGEE.
   Omission of change of corporate name of corporate mortgagee from body of notice of foreclosure *held*, not a violation of statute prescribing contents of such notices, where there was merely a change of name and not a transfer of rights from one company to another (3 Comp. Laws 1929, § 14428).

4. FORCIBLE ENTRY AND DETAINER—JUDGMENT—STATUTES.
   Judgment for damages may not be entered under section of statute providing for judgment in summary proceedings (3 Comp. Laws 1929, § 14979).

5. JUDGMENT—AMENDMENT—COURT RULES—SUMMARY PROCEEDINGS.
   Court Rule No. 72 (1933), provides Supreme Court with power to amend judgment of lower court so as to give relief intended, and pursuant thereto judgment for damages in summary proceedings is ordered altered to judgment for restitution with finding of amount due for rent.

Appeal from Wayne; Webster (Arthur), J. Submitted April 5, 1934. (Docket No. 49, Calendar No. 37,449.) Decided June 4, 1934.

Summary proceedings by Union Guardian Trust Company, a corporation, against Isadore Kowalsky

to obtain possession of land and for rent.  Judgment for plaintiff.  Modified and remanded.

*Frank I. Kennedy* and *Thomas P. Dowd,* for plaintiff.

*Samuel H. Rubin* (*Melba Levin-Rubin,* of counsel), for defendant.

EDWARD M. SHARPE, J.  George P. Palmer, an unmarried man, was the owner of certain premises in the city of Detroit and on July 8, 1929, mortgaged said premises to Union Trust Company, a Michigan corporation.  Upon failure to make payments as required by the mortgage, the same was foreclosed and sold at a sheriff's sale July 17, 1931, for the sum of $18,454.74.

March 26, 1930, the Union Trust Company amended its articles of incorporation by changing its name to Union Guardian Trust Company.  The notice of foreclosure was signed by "Union Guardian Trust Company (formerly Union Trust Company)," but the body of the notice did not contain a statement of the change of name from Union Trust Company to Union Guardian Trust Company.

Defendant Isadore Kowalsky obtained possession of the premises as vendee in an unrecorded land contract from Palmer.  Upon the death of George P. Palmer, his administrator on November 28, 1931, executed a quitclaim deed of the premises to Celia Kowal and Minnie Kowal, assignees of the Kowalsky contract.  Said Minnie Kowal is the wife of defendant Isadore Kowalsky, and she and defendant occupied and are occupying the premises.  After the expiration of the period of redemption, the defendant paid two months rent.  Upon his refusal to pay further rent, plaintiff on April 14, 1933, started

a summary action against him before a circuit court commissioner to obtain possession.

The defendant appeared on the return day of the summons, April 19, 1933, and the case was then adjourned to April 24, 1933. The record in the circuit court commissioner's office shows seven adjournments "for decision" or "for findings," and on May 18, 1933, plaintiff was given restitution of the premises. Defendant appealed to the circuit court and on August 16, 1933, the judgment was affirmed as follows:

"This cause, having been heard by stipulation of facts heretofore filed and the court having signed an opinion directing that judgment be entered for plaintiff in the sum of $579.50;

"Therefore, it is considered by the court now here that the said plaintiff do recover against the said defendant, its damages assessed in manner and form as aforesaid together with its costs and charges as aforesaid taxed in the sum of $27.50 and that plaintiff have execution therefor."

Defendant appeals and claims that by reason of the number of adjournments the circuit court commissioner lost jurisdiction to render judgment on the 18th day of May, 1933; that the Union Guardian Trust Company acquired no title to the property, as the notice of foreclosure sale does not show that there was an assignment from Union Trust Company to Union Guardian Trust Company; and that the circuit judge had no right in a summary proceeding to enter judgment for damages.

The record discloses that the return day of the summons was April 19, 1933, at which time defendant appeared specially and the case was adjourned to April 24, 1933. On that date defendant appeared and pleaded not guilty and the cause was further

adjourned to April 27, 1933, for decision. Subsequently there were several adjournments to particular days ''for decision'' or ''for findings'' and finally on May 18, 1933, judgment was entered.

Section 14982, 3 Comp. Laws 1929, provides that ''after an issue shall be joined, * * * the hearing may be adjourned, from time to time, as may be necessary, upon sufficient cause being shown.''

The record does not disclose the reasons for the adjournments, but we must assume, in the absence of a contrary showing, that the adjournments and continuances were regular and in compliance with the statute. The continuance of causes rests in the sound discretion of the court and in the absence of a showing of abuse of discretion is not reviewable. *People* v. *Burby,* 218 Mich. 46, and cases cited therein.

The original mortgagee was the Union Trust Company and the mortgage was foreclosed under the name of Union Guardian Trust Company. The omission of the change of name from the body of the notice of foreclosure is not a violation of 3 Comp. Laws 1929, § 14428. The mortgage never was assigned by operation of law or otherwise. The amendment to the articles of incorporation by merely changing the name of the company from Union Trust Company to Union Guardian Trust Company was not a transfer of any rights from one company to another. The notice of foreclosure complied with all of the requirements of the above statute.

Counsel for defendant complain that the trial court had no right in a summary proceeding to enter a judgment for damages. While it is true that the section of the statute (3 Comp. Laws 1929, § 14979) under which this proceeding is brought makes no provision for the rendering of a judgment for dam-

ages, yet under Court Rule No. 72 (1933) this court has power to amend the judgment of the lower court so as to give the relief intended by the lower court.

The holding of the lower court is affirmed but the case is remanded for correction of judgment to give, not a judgment for damages, but a judgment for plaintiff for restitution of the premises with a finding of the amount due for rent. Costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.