PEOPLE *v.* RASTALL

CONTINUANCE—DISCRETION.
  Granting or refusing an application for a continuance is within the discretion of a trial court, and unless it is shown that his discretion was abused, his action will not be reversed (CL 1948, § 768.2; GCR 1963, 503).

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 November 12, 1969, at Lansing. (Docket No. 4,728.)  Decided November 26, 1969.

Thomas Eugene Rastall was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Sanford Kesten,* for defendant.

Before: LEVIN, P. J., and T. M. BURNS and DANHOF, JJ.

PER CURIAM. On June 6, 1967, defendant was convicted of armed robbery after a nonjury trial, CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).
  The only issue on appeal is whether the trial judge abused his discretion by denying defense counsel's

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 15.

motion for a second continuance made on the day of trial.

The Michigan Supreme Court has repeatedly held that granting or refusing applications for continuances is within the discretion of the trial court, and unless it is shown that his discretion was abused, his action will not be reversed, *People* v. *Burby* (1922), 218 Mich 46.   See also *People* v. *Knox* (1961), 364 Mich 620; CL 1948, § 768.2 (Stat Ann 1954 Rev § 28.1025) ; GCR 1963, 503.

It is clear from the record in this case that there was no abuse of discretion by the trial court.

Affirmed.