PEOPLE *v.* EICHHOLZER

1. ARSON—WITNESSES—RES GESTAE—INDICTMENT AND INFORMATION —INDORSEMENT.

Persons standing in a crowd observing a fire are not *res gestae* witnesses to arson without some showing that they were more than part of that watching crowd; consequently, where a prosecution witness, who identified defendants at trial as the arsonists, also testified that he gave the names of two persons he recognized in the crowd watching the fire to an investigating detective who did not remember being given such information, the names of those two persons were not required to be indorsed on the information as *res gestae* witnesses, where there was nothing in the record to establish that such persons were in fact *res gestae* witnesses (MCLA § 767.40).

2. ARSON—EVIDENCE—SUFFICIENCY—WITNESSES—EYEWITNESSES.

Sufficient evidence existed to convict defendants of arson where a witness, who was present at a store when arson was committed, identified defendants as the persons who ignited that fire (MCLA § 750.73).

3. APPEAL AND ERROR—COURT'S FUNCTION—CREDIBLE EVIDENCE.

The appellate court's function on appeal is not to be a reviewing jury but to examine the record to determine whether a finding of fact by the jury was supported by credible evidence.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 March 3, 1970,

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Arson and Related Offenses § 49.
[2]  5 Am Jur 2d, Arson and Related Offenses §§ 48, 55.
[3]  5 Am Jur 2d, Appeal and Error § 834.

at Detroit. (Docket No. 7,937.) Decided March 31, 1970.

Roman Frederick Eichholzer and Douglas Chambers were convicted of arson. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Attorney, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendants.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. Defendants were convicted by a jury of arson, CL 1948, § 750.73 (Stat Ann 1962 Rev § 28.268), and were sentenced. They prosecute this appeal as a matter of right.

The first of two questions raised on appeal concerns the failure of the prosecution to endorse the names of two alleged eyewitnesses to the crime as required by statute. CLS 1961, § 767.40 (Stat Ann 1965 Cum Supp § 28.980). Certain facts must be noted in connection with this question. The only person who identified the defendants at the trial as the persons who committed the arson was a prosecution witness, Gerald Walter. He also testified that he gave the names of two persons he recognized in the crowd watching the fire to an investigating detective. The detective did not remember being given such information.

Without some showing that the alleged *res gestae* witnesses were more than part of the crowd observ-

ing the fire, this record does not establish that such witnesses were *res gestae*. *People* v. *Hoffman* (1908), 154 Mich 145.

The second issue raised by defendants is that there was insufficient evidence to justify a finding of guilt beyond a reasonable doubt. The record discloses that witness Walter was present at the store when the arson took place; that the defendants were clearly visible igniting the fire; and that this witness was able to identify them. The jury, if it believed the testimony of witness Walter, had sufficient grounds to convict the defendants as charged. It is not the function of an appellate court to be a reviewing jury. Our proper role is to examine the record on appeal to determine whether or not a finding of fact by the jury was supported by credible evidence. *People* v. *Arither Thomas* (1967), 7 Mich App 103.

Affirmed.