## AUSTIN G. DeGROAT v. THE PEOPLE.

*Incest.*

Incest requires the assent of both parties; if committed by force, and under Comp. L., § 7529 if committed upon a child less than ten years old, the offense is rape.

Fornication differs from rape in that both parties assent.

Error to Ionia.    Submitted and decided April 17. Opinion filed June 21.

CRIMINAL INFORMATION for incest.

*Smith & Sessions* for plaintiff in error.

Attorney General *Otto Kirchner* for The People.

COOLEY, J.    The plaintiff in error, on what seems to us a most improbable story told under oath by his daughter, a child under the age of ten, was convicted of having committed the crime of incest with her. We cannot review the conviction upon the facts, but the question whether in law the crime of incest was possible under the circumstances is made by the record, and requires determination.

By statute of this State it is provided that "If any person shall ravish and carnally know any female of the age of ten years or more, by force and against her will, or shall unlawfully and carnally know and abuse any female child under the age of ten years," he shall be punished, etc.    Comp. L., § 7529.    In this manner the offense of rape is defined, and it will be seen that in the case of a female child under the age of ten years, the want of consent is immaterial.    See *People v. Mc-Donald*, 9 Mich., 150.    It is manifest then, that if the girl's statement is worthy of belief, the defendant was guilty of the crime of rape.    It only remains to be seen

whether the same facts will support indifferently the charge of rape and the charge of incest.

The statute for the punishment of incest provides that "All persons, being within the degree of consanguinity within which marriages are prohibited, or declared by law to be incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall be punished," etc. Comp. L., § 7705. There was of course in this case neither intermarriage nor adultery, and the question is whether that can be called fornication which is accomplished by force on the part of the male, or at least without consent on the part of the female.

In *People v. Jenness*, 5 Mich., 305, 321, it was said by Mr. Justice Christiancy that "this offense [of incest] can only be committed by the concurrent act of two persons of opposite sexes; and the assent or concurrence of the one is as essential to the commission of the offense as that of the other." This we believe presents the legal view of the offense with accuracy. Fornication differs from rape in the absence of the important element of force which renders it specially atrocious. Fornication when the element of near relationship makes it incest, may be an offense equally detestable and heinous, but it still lacks the distinguishing characteristic of rape. The one is accomplished by the impelling will of one person, and the other by the concurrent assent of two. *People v. Harriden*, 1 Park. C. R., 344; *Croghan v. State*, 22 Wis., 444.

As the conviction was reversed, and an order entered for the prisoner's discharge on the argument, we have only to file this opinion as a statement of the reasons for our judgment.

The other Justices concurred.