PEOPLE *v.* BURWELL.

1. CRIMINAL LAW—CONTINUANCE.
    The denial of a continuance in a criminal case cannot be said to have been an abuse of discretion on the part of the trial judge, where the application did not state what respondent proposed to prove by the witnesses whose presence he desired, and several of them afterwards testified.

**2. CRIMINAL LAW—INDORSING NAMES OF WITNESSES UPON INFORMATION.**

A respondent is not prejudiced by the action of the prosecuting attorney in indorsing the names of several witnesses upon the information after it had been filed, where the only one of such witnesses sworn on the trial is one because of whose absence respondent moved for a continuance.

**3. INCEST—ESSENTIALS OF OFFENSE.**

To constitute the crime of incest, the assent of both parties is necessary.

**4. ADMISSION TO BAIL—AUTHORITY OF JUSTICES OF THE PEACE—RAPE.**

Under article 6, § 29, of the Constitution, which provides that "all persons shall, before conviction, be bailable by sufficient sureties, except for murder and treason when the proof is evident or the presumption great," and 2 How. Stat. § 9479, which authorizes justices of the peace to let to bail in all cases where the punishment for the offense charged shall be less than imprisonment for life in the state prison, a justice may admit to bail a person charged with a crime the punishment for which is imprisonment for life or for any number of years, as in case of rape.

**5. RAPE—SUFFICIENCY OF PRELIMINARY EXAMINATION—MOTION TO QUASH.**

A complaint and warrant charged both rape and incest, but the evidence adduced upon the preliminary examination tended to establish the former crime only. The magistrate returned that it appeared that "the offense charged" had been committed, and that there was probable cause to believe the respondent guilty thereof. An information was filed which followed the complaint and warrant, but the prosecution elected to proceed to trial upon the count for rape. *Held,* that a motion to quash the information on the ground that no preliminary examination had been had upon such charge was properly overruled.

**6. RAPE—EVIDENCE.**

In a prosecution for rape committed by the respondent upon his 17-year-old daughter, evidence that he had abused and beaten her before, and that he was abusive to his wife and other children, and of the language used on such occasions, is admissible to show that the prosecutrix yielded through fear.

Error to Sanilac; Beach, J.   Submitted May 8, 1895.
Decided July 2, 1895.

James R. Burwell was convicted of rape, and sentenced
to imprisonment in the state prison at Jackson for 15
years.  Judgment affirmed.

*Phillips & Jenks,* for appellant.

*Fred A. Maynard,* Attorney General, for the people.

GRANT, J.   The respondent was convicted of the crime
of rape upon his own daughter.   The complaint and war-
rant charged both rape and incest.   The evidence upon
the examination was sufficient to justify the magistrate
in binding him over to the circuit court for trial upon the
charge of rape.   It would not sustain the crime of incest
upon the ground of the mutual consent of both the par-
ties.   The respondent introduced no evidence upon the
examination.   The testimony of the complaining witness
was the sole evidence upon which the magistrate was
justified in holding him to the circuit court for trial.
This testimony is found in the record, and is as follows:

"There was no one present except myself and father,
and he proposed what he wished to do, and I refused, and
said I was not willing.   He said there was no use of
me refusing.   He said I had to do just as he said.   He
said he knew better what was good for my health than I
did, and that was what was good for my health; and
when I cried, and said I did not want to give up, and did
not want to do any such thing, he said there was no use of
my acting so or making a fool of myself, that I had to do
as he said; and, when I refused again, he took hold of
my arm, and led me part of the way, and then he pushed
me the other part of the way, into the bedroom, and
ordered me to sit down on the bed, for he wanted to talk
with me.   He said he wanted to explain to me, and to
stop crying, as there was no use of my crying.   Then he
ordered me to lay down on the bed; and, when I refused
to, he told me to again, in cross words.   I done so,
because I was afraid of him, and I did not dare to refuse

any further. Well, he done just as he pleased, and I could not help myself."

This testimony excludes the theory of consent upon her part. The magistrate did not specify in his return for which crime he held him, but stated that it appeared that the offense as charged had been committed, and found probable cause to believe the respondent guilty thereof.

The information contained two counts,—one for rape, and one for incest. Respondent refused to plead, and a plea of not guilty was entered by order of the court. Afterwards he moved to quash the information, for the reason that it contained inconsistent counts. This motion was overruled, but the court required the people to elect upon which count they would proceed to trial. They elected the count for rape. The respondent further objected to proceeding to trial for the reason that he had had no preliminary examination for this charge. This objection was overruled. He then moved for a continuance, which was denied.

1. The application for a continuance was within the discretion of the circuit judge. The application did not state what respondent proposed to prove by the witnesses whose presence he desired. Several of them were produced and testified. *People* v. *Anderson*, 53 Mich. 61; *People* v. *Foote*, 93 Mich. 40.

2. The respondent was not prejudiced by the action of the prosecuting attorney in failing to indorse upon the information, at the time of filing it, the names of all his witnesses. Only one witness whose name was afterwards indorsed was sworn on behalf of the people, and he was one of those whose presence the respondent desired, according to his affidavit for a continuance.

3. It is settled in this State that the assent of both parties is required to establish the crime of incest. *People* v. *Jenness*, 5 Mich. 321; *De Groat* v. *People*, 39 Mich. 124. There are many decisions to the contrary. See 10 Am. & Eng. Enc. Law, 339, and note 5, and authorities there

cited.   The crime is purely statutory, and the statute in this State is found in *De Groat* v. *People, supra.*   The conflict in the decisions may possibly be accounted for by the difference in the language of the statutes.

Objection is made that the information contained two counts, setting forth two distinct crimes; that the respondent had no examination upon the charge of which he was convicted.   The reason relied upon by counsel for respondent to sustain this claim is that the justice had no jurisdiction to admit the respondent to bail upon the examination for the crime of rape.   In this we think the learned counsel are in error.   The Constitution (article 6, § 29) provides that "all persons shall, before conviction, be bailable by sufficient sureties, except for murder and treason when the proof is evident or the presumption great."   2 How. Stat. § 9479, authorizes justices of the peace to let to bail in all cases where the punishment for the offense charged shall be less than imprisonment for life in the state prison.   The punishment provided for the crime of rape is imprisonment for life or any number of years.   Under these provisions, the justice had authority to fix bail for the respondent when he bound him over for trial.   *Brownell* v. *People,* 38 Mich. 734.

The transaction for which the respondent was tried is identical with the transaction for which he was examined.   The offense for which he was tried and convicted was set forth in the complaint and warrant.   We think the case is ruled by *People* v. *Annis,* 13 Mich. 515, and *People* v. *Aikin,* 66 Mich. 460, and that no error was committed in refusing to quash the information.

4. No such physical force was used as is ordinarily required to constitute the crime of rape.   The claim of the prosecution was that the prosecutrix yielded on account of threats and fear.   Evidence tending to show that the respondent had abused and beaten her before, that he was abusive to his wife and other children, and the language used on these occasions, was competent and

important for the jury to consider in determining whether she yielded under those circumstances which under the law are the equivalent of force.

We find no error, and the judgment is affirmed.

The other Justices concurred.