## PEOPLE v. LIPSKI.

1. CRIMINAL LAW—ASSAULT—FELONY—SPECIFIC INTENT—STATUTES.
   Statute providing punishment for assault "with intent to commit any burglary, or any other felony" does not limit the assault to felonies of a type similar to burglary but does include only felonies of which "a specific intent" is a necessary element (CL 1948, § 750.87).

2. SAME—MANSLAUGHTER—SPECIFIC INTENT TO ASSAULT.
   A specific intent to assault is not a necessary element of the crime of manslaughter.

3. SAME—ADULTERY—INTENT.
   Adultery is a felony in which an intent is a necessary element.

4. ADULTERY—STATUTES—DEFINITION.
   Adultery, as defined by statute, is the sexual intercourse of 2 persons, either of whom is married to a third person (CL 1948, § 750.29).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 7, 8] 4 Am Jur, Assault and Battery, §§ 27, 29.
[2] 26 Am Jur, Homicide, §§ 17–19.
[3] 1 Am Jur, Adultery, § 10.
[4–6, 8] 1 Am Jur, Adultery, §§ 7–9, 12.

5. SAME—STATUTES—PROTECTION AFFORDED.

The statute defining adultery not only guards the sanctity of marriage and protects each nonparticipating spouse, but also protects the refusing and resisting woman who is assaulted and who would be guilty of adultery if she condoned the assaulter's advances (CL 1948, § 750.29).

6. SAME—PROTECTION OF MARRIAGE—STATUTES—CONSENT.

The controlling factor in the crime of adultery is the marriage relation, a factor which exists whether the intercourse occurs with or without consent, and consent, not being expressed nor implied by the language of the statute defining adultery, will not be inserted therein judicially (CL 1948, § 750.29).

7. CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT ADULTERY—STATUTES.

A charge of assault with intent to commit adultery is within the scope of the statute providing punishment for assault "with intent to commit any burglary, or any other felony" (CL 1948, §§ 750.29, 750.87).

8. SAME—ASSAULT WITH INTENT TO COMMIT ADULTERY.

Trial of defendant on charge of assault with intent to commit a felony is required, where facts disclosed show defendant, a married man, held the arms of the wife of another married man, displayed his affections for her, requested sexual relations with her, was refused, and made no attempt to force her against her will, but admitted he would have had such relations had she allowed him to do so (CL 1948, §§ 750.29, 750.87).

REID, DETHMERS and BUTZEL, JJ., dissenting.

Appeal from Lenawee; Rathbun (George A.), J. Submitted April 13, 1950. (Docket No. 67, Calendar No. 44,613.) Decided June 27, 1950.

Richard Lipski was charged with assault with intent to commit felony of adultery. Motion to quash granted. The people appeal. Reversed and remanded.

*Stephen J. Roth*, Attorney General, *Rex B. Martin*, Prosecuting Attorney, and *Paul T. Betz*, Assistant Prosecuting Attorney, for the people.

*Lawrence J. Hammond*, for defendant.

BUSHNELL, J. Defendant Richard Lipski, a married man, drove his truck off the highway and stopped an automobile being driven by a married woman. Lipski got out of his truck, opened the left door by the driver's seat of the other car and slid in beside the woman. He held her arms, displayed his affections upon her and asked her to have sexual relations with him. She refused. He made no attempt to force her against her will, but admitted that he would have had such relations had she allowed him to do so. The record is silent as to any previous acquaintance between the parties.

An information charging assault with intent to have sexual relations with a married woman, but not with intent to rape her, was filed against Lipski. The court reduced the charge to assault and battery and quashed the remainder. Thereafter the prosecuting attorney *nolle prossed* that case. Another complaint was signed by the married woman's husband. The second information charged Lipski with assault on the person named therein, "a married woman, with intent to commit a felony, to-wit: Adultery, he being a married man, but not being then and there married to her."

Defendant moved to quash this information. The trial judge, after considering the briefs and oral arguments, filed a written opinion. He held that, except as to the charge of assault, no such offense existed as that charged in the information. The State was granted leave to appeal from the court's order.

The statute under which the information was drawn, CL 1948, § 750.87 (Stat Ann § 28.282) reads as follows:

"Any person who shall assault another, with intent to commit any burglary, or any other felony, the punishment of which assault is not otherwise in this act prescribed, shall be guilty of a felony, punish-

able by imprisonment in the State prison not more than 10 years, or by fine of not more than 5,000 dollars."

The scope of this statute is broad and the assault is not limited to felonies of a type similar to burglary. Neither does the language include all other felonies because "a specific intent" is requisite. *People* v. *Lilley,* 43 Mich 521, 529.

Adultery, unlike manslaughter which by definition precludes such an intent, is a felony in which intent is a necessary element. 1 Am Jur, p 685.

Defendant argues that adultery, like incest, requires the consent of both parties, and that such consent, being inconsistent with the nature of an assault, negatives the assault and is therefore not a crime under the statute. See, in this connection, *DeGroat* v. *People,* 39 Mich 124, and *People* v. *Burwell,* 106 Mich 27.

Adultery is defined by statute as "the sexual intercourse of 2 persons, either of whom is married to a third person." CL 1948, § 750.29 (Stat Ann § 28.218). This statute guards the sanctity of marriage. Where both parties are married it protects each nonparticipating spouse. The spouse of the assaulter should be shielded just as much where the intercourse is with force as where it is with consent. In like manner, the woman who is assaulted and who would be guilty of adultery if she condoned the assaulter's advances, should have her status fully protected when she refuses and resists.

The controlling factor is the marriage relation, and that exists whether intercourse occurs with or without consent. Consent is not expressed nor implied by the language of the statute, and will not be judicially inserted therein.

A charge of assault with intent to commit adultery is within the scope of the statute under which this information was laid. The facts disclosed in this

record place defendant sufficiently within the purview of the statute as to require his trial.

The order quashing the information is vacated and the cause is remanded.

Boyles, C. J., and North, Carr, and Sharpe, JJ., concurred with Bushnell, J.

Butzel, J. (*dissenting*). I am unable to concur in the opinion for reversal. The trial court correctly ruled that the well-pleaded allegations of the information amounted only to the crime of assault and battery. Under the common law, the Michigan statutes and decisions, the crime of "assault with intent to commit adultery" does not exist.

Simple incontinence or fornication was not punishable under the common law at the time of the founding of the American colonies. Jurisdiction of this offense had long before been relinquished to the ecclesiastical courts and thus no such offense was included in the body of common law adopted in this country. *Anderson* v. *Commonwealth,* 5 Rand (Va) 627 (16 Am Dec 776). Our penal code does not provide that simple fornication—concurrent sexual intercourse without sanction of marriage—is a crime in the absence of a further element in violation of law.

Adultery is the sexual intercourse of 2 persons, either of whom is married to a third person, and its perpetration is a felony. CL 1948, §§ 750.29, 750.30 (Stat Ann §§ 28.218, 28.219). Transgression of the marital vows in violation of statute is the element rendering such intercourse a crime.

Incest is sexual intercourse between 2 persons who are within the degree of relationship, either by consanguinity or affinity, wherein marriage to each other is prohibited, and the commission of incest is likewise a felony. CL 1948, § 750.333 (Stat Ann

1949 Cum Supp § 28.565). Violation of the statutory prohibition against such intimacy between near relatives is the element rendering such intercourse a crime.

The analogous offenses of adultery and incest are thus based upon intercourse in disregard of either marital ties or ties of blood or affinity. In the early case of *People* v. *Jenness,* 5 Mich 305, Justice CHRISTIANCY laid down the rule that the act of intercourse must be voluntarily engaged in by the parties in order to constitute the crime of incest. The following portion of the *Jenness* opinion was quoted by Justice COOLEY in *DeGroat* v. *People,* 39 Mich 124, where it was the controlling concept:

"This offense [of incest] can only be committed by the concurrent act of 2 persons of opposite sexes; and the assent or concurrence of the one is as essential to the commission of the offense as that of the other."

In adherence to this established rule, rape and incest have been held mutually exclusive crimes, as the lack of consent essential to rape is repugnant to the concurrence necessary for incest. *DeGroat* v. *People, supra, People* v. *Burwell,* 106 Mich 27.

There is no reason to follow an opposite rule in adultery cases, as the 2 offenses differ only in the status from which the criminal aspect of the act arises. Adultery, like incest, requires the concurrence of both participants. If such mutual assent is lacking, the crime committed would be rape, as it is under the well-settled incest rule of this jurisdiction. To follow the contrary reasoning of the opinion for reversal would in effect overrule the *Jenness, DeGroat* and *Burwell Cases, supra,* or would make a distinction where no real difference exists.

Our statute (CL 1948, § 750.333 [Stat Ann 1949 Cum Supp § 28.565]) defines as incest not only for-

nication between near relatives, but also adultery between them. If, as is stated in the opinion for reversal, there can be the commission of adultery with the consent of only one of such parties, that "adultery" would not constitute incest under the *Jenness, DeGroat* and *Burwell* decisions, *supra,* despite the fact that it would fulfill the statutory definition of incest. This inconsistency is based upon the false premise that mutual assent is unnecessary for the crime of adultery and is avoided by adhering to the rule of concurrence in both the analogous crimes.

The drafters of our penal code (PA 1931, No 328), who presumptively were mindful of our decisions (*Lenawee County Gas & Electric Co.* v. *City of Adrian,* 209 Mich 52 [10 ALR 1328]), did not define adultery as requiring the consent of only one of the participants and, until such time as the legislature directs otherwise, that concept should not be engrafted upon our law.

The record is clear that there was no intent to have illicit relations unless the woman involved concurred, and it is equally clear that she resisted all advances. In the absence of the vital element of concurrence, the offense charged in the information cannot exist.

Stemming from Sir Matthew Hale's language in 1 Pleas of the Crown (1st Am ed) 634, there has been considerable judicial comment regarding the ease with which a sexual charge may be made and the difficulty of disproving it. See the annotations in 60 ALR 1124 and 130 ALR 1489. It would be difficult to conceive of a charge more susceptible to the foregoing criticism than the one set forth in the instant case. Some trivial intentional touching, slight and innocuous, might lead to a similar felonious charge in future cases.

Without lengthy citation of the numerous authorities recognizing the facility with which threats to

prefer sexual charges, or complaints made in execution of such threats, lend themselves to extortion schemes, suffice it to say that the conclusion reached in the foregoing opinion for reversal might frequently result in blackmailing innocent victims. In a situation such as the one at bar, simple assault and battery is the sole offense unless the legislature directs to the contrary. This it has not done.

Affirmed.

REID and DETHMERS, JJ., concurred with BUTZEL, J.