GLAZIER v LEE

Docket No. 94688. Submitted February 10, 1988, at Detroit. Decided
September 7, 1988.

Douglas Glazier shot and killed his girlfriend and, thereafter, was
convicted of voluntary manslaughter. Glazier brought a mal-
practice action in Oakland Circuit Court against Robert E. Lee,
a psychologist, in both his corporate and individual capacities,
alleging that he was a patient of Lee before the shooting, that
he had expressed violent feelings to Lee and that Lee had been
professionally negligent by failing to medicate or hospitalize
plaintiff and by failing to warn plaintiff's girlfriend of plaintiff's
violence. Defendants moved for summary disposition on the
basis that plaintiff failed to state a claim on which relief could
be granted. The circuit court, Steven N. Andrews, J., denied the
motion. Defendants appeal on leave granted.

The Court of Appeals *held:*

One may not seek a civil recovery for damages where the
claim is based upon one's own criminal act. Since the basis for
plaintiff's malpractice claim is his own shooting of his girl-
friend, an act that resulted in his conviction of manslaughter,
plaintiff failed to state a claim for which relief can be granted.

Reversed.

Actions — Torts — Crimes — Malpractice.

One may not recover in a civil action where the cause of action is
founded upon one's own illegal act since one may not benefit
from one's own criminal act; accordingly, a patient may not
recover in a malpractice action against a psychologist for the
alleged failure of the psychologist to have taken measures to
prevent the patient's killing of another which resulted in the
conviction of the patient of manslaughter.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Richard D. Toth*), for plaintiff.

References

Am Jur 2d, Negligence § 63.5.

Liability of one treating mentally afflicted patient for failure to
warn or protect third persons threatened by patient. 83 ALR3d
1201.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pederson, P.C. (by John P. Jacobs),* for defendants.

Before: KELLY, P.J., and HOOD and M. WAR-SHAWSKY,* JJ.

M. WARSHAWSKY, J. Defendants appeal by leave granted from the trial court's denial of summary disposition as to plaintiff's malpractice claim. We reverse the decision of the trial court.

In March, 1982, plaintiff shot and killed his girlfriend, Carol Roketa. He was convicted of voluntary manslaughter after a bench trial in Detroit Recorder's Court.

Plaintiff's complaint alleges that he was a patient of defendant Robert E. Lee, a psychologist, for the month prior to the shooting. The complaint alleges that throughout the month of therapy plaintiff expressed violent feelings and thoughts of murdering a man who was having an affair with Roketa and that defendant suggested, instead, that plaintiff's aggression should be turned against Roketa. Plaintiff alleged that defendant was professionally negligent by failing to medicate or hospitalize plaintiff, suggesting violence to plaintiff while he was in a highly suggestive, dependent and volatile state of mind, and failing to warn Roketa of plaintiff's potential violence. Plaintiff described the resulting injuries to himself as including permanent aggravation of his depression, permanent distress, and the painful and permanent burden of being known, and seeing himself, as a destroyer of human life.

Defendant moved for summary disposition under MCR 2.116(C)(8) on the basis that plaintiff had failed to state a claim for which relief could be granted. The trial court denied the motion, finding

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that plaintiff had stated a claim for professional negligence and malpractice. Defendant appeals the denial of summary disposition.

On appeal, this Court will accept as true all well-pled facts and consider only whether plaintiff's claim is so clearly unenforceable as a matter of law that it cannot justify a right to recovery. *Locklear v Stinson,* 161 Mich App 713, 715; 411 NW2d 834 (1987).

Basically, plaintiff claims that defendants' malpractice caused him to kill Roketa and that defendant therefore should be liable for the emotional and psychological injuries resulting to plaintiff as a result of his own criminal act.

Michigan law recognizes that one providing psychological treatment who determines that his patient poses a serious threat of violence to a readily identifiable third party has a duty to use reasonable care to protect the third party against such danger. *Jackson v New Center Community Mental Health Services,* 158 Mich App 25, 36; 404 NW2d 688 (1987); *Bardoni v Kim,* 151 Mich App 169, 175-176; 390 NW2d 218 (1986); *Davis v Lhim,* 124 Mich App 291, 301-305; 335 NW2d 481 (1983), remanded on other grounds 422 Mich 875 (1985).

Plaintiff reasons that, if a psychiatrist owes a duty to protect third parties from a patient's criminal acts, then the psychiatrist owes at least as great a duty to protect the patient from his own criminal acts.

In order to sustain his negligence and malpractice claims plaintiff has to show the existence of a duty to plaintiff and breach of that duty resulting in damage to plaintiff. See *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977); *Cotton v Kambly,* 101 Mich App 537, 540-541; 300 NW2d 627 (1980). The psychologist-client relationship can

give rise to some legal obligation on defendant's part for plaintiff's benefit. See *Cotton, supra.*

Whether a defendant's conduct in a particular case falls below the general standard of care imposed by the parties' relationship is normally a factual determination for the jury. However, the matter may be decided by the court where there is an overriding legislative or judicially declared policy. *Moning, supra,* p 438. In this case, we find an overriding public policy which bars plaintiff's claims and requires dismissal of his complaint.

While the viability of plaintiff's claim has not been previously addressed in Michigan, a similar claim was rejected in *Cole v Taylor,* 301 NW2d 766 (Iowa, 1981). In *Cole,* the Iowa Supreme Court held that a patient could not recover in tort from her psychiatrist on the basis that, in his professional capacity, he negligently failed to prevent her from murdering her husband. Cole's claims were similar to plaintiff's in alleging that the defendant breached the duty of care he owed her as her psychiatrist by failing to treat her, by failing to restrain her by hospitalization and by failing to warn her husband of any impending danger. Cole claimed that this negligence proximately caused her to take her husband's life. The Iowa court rejected these theories of recovery "not because they cannot be rationalized, but because they cannot be justified." *Id.,* p 768.

In rejecting these theories, the Iowa Court relied on the general rule that

> a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party, or to maintain a claim for damages based on his own wrong or caused by his own neglect, . . . *or where he must*

> base his cause of action, in whole or in part, on a
> violation by himself of the criminal or penal
> laws . . . . [*Id.* Emphasis added. See 1A CJS, Ac-
> tions, § 29, pp 386-387.]

This rule is based on the legal principle that a court will not aid one who founds his cause of action upon an immoral or illegal act. 1A CJS, *supra,* p 387. Michigan courts have applied this principle on numerous occasions to bar a plaintiff's recovery. See *Budwit v Herr,* 339 Mich 265; 63 NW2d 841 (1954) (man who murdered wife not entitled to proceeds of insurance policy in which he had been named beneficiary or to receive any property as an heir or distributee); *Ohio State Life Ins Co v Barron,* 274 Mich 22; 263 NW2d 786 (1935) (life insurance beneficiary who murdered policy holder could not recover under the policy); *Garwols v Bankers Trust Co,* 251 Mich 420; 232 NW 239 (1930) (perpetrator of felonious homicide barred from inheriting from victim's estate); *Imperial Kosher Catering, Inc v The Travelers Indemnity Co,* 73 Mich App 543; 252 NW2d 509 (1977) (arsonist could not collect fire insurance proceeds).

Applying the principle to this case, it is clear that plaintiff's claim is barred. Plaintiff's act of voluntary manslaughter is at once the source of his criminal responsibility and the basis for his civil claim. Plaintiff however, argues that the principal is not applicable. He claims that this case should be distinguished from *Cole* on the ground that he was convicted of manslaughter while the *Cole* plaintiff was convicted of the greater crime of murder. He further seeks to distinguish this case on the basis of the defendant's active role in encouraging plaintiff to channel his anger at Roketa rather than her new boyfriend.

The rule that a person may not benefit from his

own criminal act makes no distinction between murder and manslaughter. *Garwols, supra,* p 428, quoting Wharton on Homicide (3d ed), § 665. The controlling consideration is whether the plaintiff was responsible for the homicide. See *Ohio State Life Ins, supra.*

It is plaintiff's own criminal responsibility which is determinative. The fact that defendant was found guilty of manslaughter rather than murder does not relieve plaintiff of criminal responsibility. To allow plaintiff to proceed in the present civil action would allow plaintiff to shift the responsibility for his crime from himself to defendant. This we cannot do. We agree with the *Cole* court "that it would be, plainly and simply wrong as a matter of public policy to allow recovery." *Cole, supra,* p 768.

We therefore hold that the trial court erred in denying defendant's motion for summary disposition.

Reversed.