*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW O'LAUGHLIN,

        Plaintiff-Appellee,

v

THIRTEEN01 RESTAURANT GROUP, LLC,
doing business as STANDBY BAR,

        Defendant-Appellant.

UNPUBLISHED
March 28, 2019

No. 341033
Wayne Circuit Court
LC No. 16-008860-NO

Before: MURRAY, C.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10).[1] For the reasons provided below, we reverse and remand for entry of an order granting summary disposition in favor of defendant.

Plaintiff, who is six feet tall and weighs approximately 200 pounds, was admittedly intoxicated when he arrived at defendant's Standby Bar around 11:00 p.m. on May 25, 2016. The bartender, Marlowe Johnson, refused to serve alcohol to plaintiff, who was being loud and boisterous toward customers and physically touching those around him. Plaintiff does not dispute that he hit a patron in the genitals and sat on his lap. Johnson also observed plaintiff reach out and grab a server and try to pull her onto his lap as she struggled to get away. After witnessing this, Johnson told plaintiff that he had to leave the bar. As Johnson turned to walk away, plaintiff cursed at him, grabbed a towel from Johnson's back pocket, "whipped it" at Johnson, and also tried to grab Johnson's arm. Johnson, who was slender and had a small

---

[1] Defendant moved for summary disposition under MCR 2.116(C)(8) and (10). But because the parties submitted evidence outside the pleadings in support of their respective positions and the trial court considered that evidence in deciding defendant's motion, the court's decision is appropriately reviewed under MCR 2.116(C)(10). *Spiek v Dep't of Transp*, 456 Mich 331, 338; 572 NW2d 201 (1998).

stature, feared that a physical altercation was going to occur. Thus, Johnson asked Justice Akuezue,[2] a friend who happened to be patronizing the bar, to assist him in getting plaintiff to leave the bar. As the two were escorting plaintiff out of the bar, plaintiff grabbed onto a pillar and refused to leave. After Akuezue and Johnson pried plaintiff's hands from the pillar, plaintiff began to walk toward the exit door, yelling obscenities and causing a disturbance. Akuezue followed plaintiff to the door and Johnson returned behind the bar. Johnson lost sight of plaintiff and Akuezue when they went through the first set of doors leading from the bar into a vestibule area that led to another door that exited to the outside.

A physical altercation occurred between plaintiff and Akuezue in the vestibule area. According to plaintiff, Akuezue picked him up and "slammed" him onto the ground outside the exit door. According to Akuezue, when plaintiff reached the vestibule, he became irate and aggressive toward Akuezue, who was required to use physical force to keep plaintiff from harming him. Plaintiff did not seek medical treatment that night but went to the emergency room the following day because of elbow pain. He advised hospital personnel that he was drunk, that he had used cocaine, and that his arm was injured when he fell to the ground during a bar fight.

Plaintiff filed this personal injury action and alleged that he was injured when he was assaulted and battered by defendant's employee, Akuezue, while being physically removed from defendant's bar. Plaintiff alleged that defendant was vicariously liable for Akuezue's conduct under a theory of respondeat superior and was also liable under theories of negligent hiring, training, and supervision. Defendant moved for summary disposition on a number of grounds. The trial court denied defendant's motion because it determined that questions of fact existed regarding whether Akuezue was an agent of defendant's bar. Thereafter, defendant filed an application for leave to appeal in this Court, which we granted.[3]

Defendant raises a number of arguments on appeal, but because two of them are dispositive, we will address those.

## I. STANDARD OF REVIEW

We review de novo a trial court's ruling regarding summary disposition. *Innovation Ventures, LLC v Liquid Mfg, LLC*, 499 Mich 491, 507; 885 NW2d 861 (2016). MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). In evaluating a motion for summary disposition brought under this subrule, a reviewing court considers any affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. MCR 2.116(G)(5); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond

---

[2] Johnson described Akuezue as a 6'1" or 6'2", "pretty well built," former football player.

[3] *O'Laughlin v Thirteen01 Restaurant Group, LLC*, unpublished order of the Court of Appeals, entered April 6, 2018 (Docket No. 341033).

the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Michalski v Bar-Levav*, 463 Mich 723, 730; 625 NW2d 754 (2001). Application of Michigan's wrongful-conduct rule presents a question of law that is subject to de novo review. See *Brackett v Focus Hope, Inc*, 482 Mich 269, 275; 753 NW2d 207 (2008).

## II. WRONGFUL-CONDUCT RULE

Defendant argues that it was entitled to summary disposition based on the wrongful-conduct rule. We agree.

The common-law wrongful-conduct rule precludes a plaintiff from recovering when his claim is based in whole, or in part, on the plaintiff's wrongful conduct. *Orzel v Scott Drug Co*, 449 Mich 550, 558-559; 537 NW2d 208 (1995); *Hashem v Les Stanford Oldsmobile, Inc*, 266 Mich App 61, 89; 697 NW2d 558 (2005). "To implicate the wrongful-conduct rule, the plaintiff's conduct must be prohibited or almost entirely prohibited under a penal or criminal statute" and the wrongful conduct must be serious in nature. *Orzel*, 449 Mich at 561; see also *Hashem*, 266 Mich App at 89. Further, "for the wrongful-conduct rule to apply, a sufficient causal nexus must exist between the plaintiff's illegal conduct and the plaintiff's asserted damages." *Orzel*, 449 Mich at 564. The *Orzel* Court further explained:

> The plaintiff's injury must have been suffered while and as a proximate result of committing an illegal act. The unlawful act must be at once the source of both his criminal responsibility and his civil right. The injury must be traceable to his own breach of the law and such breach must be an integral and essential part of his case. [*Id.* at 565 (quotation marks, citation and brackets omitted).]

In this case, plaintiff's claims are based in part on his own illegal conduct. The evidence shows that plaintiff was highly intoxicated at the bar and that he battered a patron by punching his genitals and battered a server when he tried to pull her onto his lap. Aside from these simple assaults and batteries, see MCL 750.81(1); *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011), being intoxicated and disorderly in a public place constitutes wrongful conduct, MCL 750.167(1)(e).[4] Indeed, plaintiff agrees that his actions were illegal. The issue then is whether plaintiff's wrongful conduct was a proximate cause of his injury. In other words, the question is whether plaintiff's drunk and disorderly conduct contributed to a chain of events that led to his injury.

Here, plaintiff became disruptive and boisterous with one customer to the point that he hit the customer in the groin area and sat on his lap.[5] It was plaintiff's drunk and disorderly

---

[4] A portion of MCL 750.167, the criminalization of begging, has been deemed unconstitutional. See *Speer v Schuette*, 726 F3d 867 (CA 6, 2013). That aspect of the statute is not at issue here.

[5] According to the customer's affidavit, plaintiff was drunk and high, and plaintiff offered the customer some cocaine. The customer said that plaintiff was making derogatory remarks about

condition that caused the bartender to come to the aid of a server, whom plaintiff had grabbed and tried to pull onto his lap. When the bartender asked plaintiff to leave and told him he would not be served, plaintiff cursed at the bartender, grabbed a towel from the bartender's pocket, whipped the towel, and then tried to grab the bartender's arm, following which the bartender asked for help in removing plaintiff from the bar. Therefore, plaintiff's actions set in motion the foreseeable chain of events that led to his removal from the bar. Indeed, knowing that plaintiff was being abusive toward others, had the bartender not taken steps to have plaintiff removed from the bar, the bar may well have been liable to customers for plaintiff's continued offensive and criminal conduct. Thus, plaintiff's actions are clearly a proximate cause of his injuries, as required to implicate the wrongful-conduct rule; unless the wrongful-conduct rule is applied, plaintiff "would be able to shift much of the responsibility for [his] illegal acts to other parties." *Orzel*, 449 Mich at 560. Viewing the evidence in the light most favorable to plaintiff, as we are required to do, plaintiff's conduct was significantly more culpable than defendant's, while the wrongful-conduct rule is applicable even if the parties were merely equally culpable. Consequently, because "plaintiff has engaged in illegal conduct, it should be the 'plaintiff's own criminal responsibility which is determinative.' " *Id.*, quoting *Glazier v Lee*, 171 Mich App 216, 221; 429 NW2d 857 (1988).

Importantly, in responding to defendant's motion for summary disposition, plaintiff did not deny that the wrongful-conduct rule applied to the circumstances of this case, and he did not dispute that his own wrongful conduct warranted application of the rule. Instead, he argued, as he does on appeal, that there is a question of fact whether the culpability exception to the wrongful-conduct rule applies, thereby precluding summary disposition. Therefore, our analysis will focus on the application of this exception.

In *Orzel*, 449 Mich at 569, our Supreme Court recognized a "culpability exception" to the wrongful-conduct rule, stating:

> An exception to the wrongful-conduct rule may apply where both the plaintiff and defendant have engaged in illegal conduct, but the parties do not stand in pari delicti. In other words, even though a plaintiff has engaged in serious illegal conduct and the illegal conduct has proximately caused the plaintiff's injuries, a plaintiff may still seek recovery against the defendant if the defendant's culpability is greater than the plaintiff's culpability for the injuries, such as where the plaintiff has acted under circumstances of oppression, imposition, hardship, undue influence, or great inequality of condition or age. [Citations and quotations omitted.]

African-Americans and making vulgar and degrading sexual remarks about women. Plaintiff then started grabbing, holding, and tugging on the customer. The customer also saw plaintiff bothering other customers by hanging on and wrapping his arms around them. The customer told two servers at the Standby Bar that plaintiff needed to leave because he was so bothersome and offensive.

In *Orzel*, the Court concluded that the culpability exception did not apply because, while both parties engaged in wrongful conduct, the two parties were equally at fault and "[b]oth parties played pivotal roles in making the illegal acts possible." *Id.* at 570. Thus, for this exception to apply, the defendant must be "significantly more culpable than the plaintiff" or "egregiously more at fault than [the] plaintiff." *Stopera v DiMarco*, 218 Mich App 565, 571 n 5; 554 NW2d 379 (1996).

Plaintiff has not identified any illegal conduct on the part of defendant that would warrant the application of the culpability exception to the wrongful-conduct rule. While he notes that the exception requires illegal conduct, he defines defendant's conduct as negligence.[6] Additionally, plaintiff has made no attempt to establish that defendant's conduct was "significantly more culpable than [plaintiff's]" or that "defendant was egregiously more at fault than [] plaintiff." *Stopera*, 218 Mich App at 571 n 5.

In sum, plaintiff has failed to show that there is a genuine issue of material fact with respect to the "culpability exception" to the wrongful-conduct rule. Therefore, the trial court erred when it failed to grant defendant's motion for summary disposition on this ground.

## III. LACK OF AGENCY

Defendant also argues that its motion for summary disposition should have been granted because it cannot be held vicariously liable for the conduct of Akuezue, who was neither an employee nor an agent of defendant. We agree.

The undisputed evidence shows that Akuezue was not an employee of defendant. However, even in the absence of an employer-employee relationship, vicarious liability may nonetheless attach through the concept of agency.[7] *Laster v Henry Ford Health Sys*, 316 Mich App 726, 735; 892 NW2d 442 (2016). "[F]undamental to the existence of an agency relationship is the right to control the conduct of the agent with respect to the matters entrusted to him." *St Clair Intermediate Sch Dist v Intermediate Ed Ass'n/Mich Ed Ass'n*, 458 Mich 540, 558; 581 NW2d 707 (1998) (citations omitted). Thus, "[i]n an agency relationship, it is the power or ability of the principal to control the agent that justifies the imposition of vicarious liability." *Laster*, 316 Mich App at 735. As a result, "[i]n Michigan, the test for a principal-agent relationship is whether the principal has the right to control the agent." *Little v Howard Johnson Co*, 183 Mich App 675, 680; 455 NW2d 390 (1990).

---

[6] Furthermore, to the extent plaintiff asserts that "defendant" assaulted him, i.e., committed a crime, it is clear that if any assault occurred, it was done by Akuezue, not defendant. As discussed, *infra*, there is no question of fact that Akuezue was not an agent or employee of defendant.

[7] We note that plaintiff's complaint did not allege that Akuezue was an "agent" of defendant; rather, plaintiff alleged that Akuezue was an "employee." Nonetheless, the trial court found that a question of fact existed with respect to whether Akuezue was an agent of defendant.

Plaintiff maintains that Akuezue was defendant's agent because Johnson asked Akuezue for help in escorting plaintiff out of the bar. Even assuming that Johnson had authority on behalf of defendant to ask Akuezue to help remove plaintiff from the bar, plaintiff presented no evidence to support a finding that Johnson requested, let alone had any control over, *the method or manner* in which Akuezue removed plaintiff from the bar. Accordingly, we hold that the submitted evidence was insufficient to establish that Akuezue was an agent of defendant. Thus, Akuezue's relationship with defendant is akin to that of an independent contractor, see *Laster*, 316 Mich App at 735-736, and without any employment or agency relationship, defendant could not be liable on a theory of respondeat superior. Accordingly, the trial court erred by denying defendant's motion for summary disposition of plaintiff's claims on this basis.

## IV. CONCLUSION

We reverse the trial court's order denying defendant's motion for summary disposition and remand for entry of an order of summary disposition in favor of defendant. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel